UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Marshman,                      Case No. 1:18-cv-01595

       Petitioner

v.                                      MEMORANDUM OPINION
                                           AND ORDER

Clifford Pinkney, Sheriff,

       Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Michael Marshman filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is currently detained in the Cuyahoga County Jail, awaiting trial on charges of kidnaping and rape. He indicates the victims reported the crimes in 2001 but he was not indicted for another fourteen years. He contends this is the result of a sham legal process as well as a violation of his Sixth, Eighth, Tenth, and Fourteenth Amendment rights. He asks me to order the state court to dismiss the charges against him and order him released from jail.

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a

less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, I may dismiss the Petition at any time, or make any such disposition as law and justice require, if I determine the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the *United States*. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike a Petition filed under 28 U.S.C. § 2254, exhaustion of state court remedies under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with 28 U.S.C. § 2241. Nevertheless, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.' " *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir.1976)). The requirement of exhaustion was developed to give state courts the first opportunity to examine and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state judicial processes. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted). Therefore, even those habeas Petitioners proceeding under § 2241 must exhaust all available state court remedies before proceeding in federal court. *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)).

The Petitioner here does not allege that he exhausted his state-court remedies. It appears he raised this issue in the trial court but he has not appealed the denial of that Motion. Because he does not allege that he has exhausted his state-court remedies, the Petition must be dismissed.

2

## CONCLUSION

Accordingly, Petitioner's Application to Proceed I*n Forma Pauperis* is granted, his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge